# Charny & Wheeler P.C.

### Attorneys at Law

Nathaniel K. Charny (NY & NJ Bar)
ncharny@charnywheeler.com

Russell G. Wheeler
rwheeler@charnywheeler.com

H. Joseph Cronen
jcronen@charnywheeler.com

42 West Market Street
Rhinebeck, NY 12572
Tel: 845-876-7500
Fax: 845-876-7501

December 19, 2023

By ECF
Honorable Loretta A. Preska, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2220
New York, New York  10007

Re:    Andowah Newton v. LVMH Moët Hennessy Louis Vuitton Inc., et al.
       Civil Action No. 1:23-cv-10753 (LAP)

Dear Judge Preska:

This office, along with co-counsel Goddard Law PLLC and Bergstein Ullrich, represent Plaintiff Andowah Newton in the above matter.  Further to Rule 2 (A) of the Court's Individual Rules, please consider this letter a request for a premotion conference on Plaintiff's intended motion for leave to amend the complaint and an appurtenant motion for a preliminary and permanent injunction staying certain arbitration proceedings currently pending before JAMS.[1]

## FACT AND PROCEDURAL SUMMARY

The Court is respectfully referred to Plaintiff's Memorandum of Law in support of Plaintiff's request for an order to show cause as well as the supporting Newton Declaration with exhibits, all being filed simultaneously with this letter, for a complete recitation of the facts and procedural background.

By way of summary, Plaintiff provides the following.

In February 2015, Plaintiff began employment with Defendant Louis Vuitton.  At the time, and as a prerequisite to her employment with Defendant Louis Vuitton, Plaintiff was compelled to sign an arbitration agreement mandating that all employment disputes be heard in arbitration (herein the Arbitration Agreement).

As detailed in the Complaint (ECF 1) and the proposed First Amended Complaint (Newton Declaration Exhibit 3), within months, Plaintiff began to experience gender-based hostility,

---

[1] While Defendants' counsel have not yet formally appeared in this matter, the Court is advised that Defendants' counsel has been provided with a copy of the Complaint in this matter and have waived service.  In addition, the Court is advised that Defendants' counsel is being provided a copy of this pre-motion letter as noted in the "cc," which includes all contact information for Defendants' counsel.

Honorable Loretta A. Preska, U.S.D.J.
December 19, 2023
Page 2

harassment and assault in the workplace and retaliatory treatment for complaining about same. The discriminatory and retaliatory treatment culminated in Plaintiff's termination from employment in December 2022, effective January 2023.

Beginning in early 2019, while still employed at Defendant Louis Vuitton, Plaintiff made a series of efforts to join issue in New York State Supreme Court on her rights to be free from workplace discrimination and retaliation against Defendant Louis Vuitton and the individual actors. The trial court ruled in her favor in 2020 but the First Department reversed in 2021. The end result of those efforts was that in June 2021 Plaintiff was compelled – against her wishes – to bring her state and city law claims of workplace discrimination in private arbitration.

Less than a year later on March 3, 2022, President Biden signed into law the Federal Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 USC § 402 (herein the EFAA).

It is based upon the mandates of the EFAA that the instant application is made to grant Plaintiff leave to amend the Complaint here to incorporate all of the claims currently pending in arbitration. By way of Plaintiff's proposed order to show cause, Plaintiff also seeks an order enjoining the arbitration proceedings at least until this Court adjudicates application of the EFAA to Plaintiff's claims.

<u>THE EFAA MANDATES THE REQUESTED RELIEF</u>

The EFAA is unequivocal that cases that include sexual harassment and retaliation in the workplace cannot be subject to mandatory arbitration. 9 U.S.C. § 402(a) ("Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.").

It is now established that when the claims involve continuing violations -- as here -- the EFAA encompasses all claims whether they arose before or after the effective date of the EFAA. <u>Olivieri v. Stifel</u>, No. 21-CV-0046 (JMA/ARL), 2023 US Dist LEXIS 57001, at *10 (E.D.N.Y. Mar. 31, 2023); <u>Johnson v. Everyrealm, Inc.</u>, No. 22-CV-6669 (PAE), 2023 US Dist LEXIS 31242, at *47 (S.D.N.Y. Feb. 24, 2023); <u>cf.</u> <u>Barnes v. Festival Fun Parks, LLC</u>, No. 22-CV-165 (SLH), 2023 US Dist LEXIS 112915, at *27-28, 33 (W.D. Pa. June 27, 2023) (acknowledging that "if the claim accrues after the effective date of the Act, the Act applies even though the violations occurred prior to March 3, 2022," but rejecting application of the EFAA because the plaintiff was terminated from employment prior to enactment).

It is similarly established that because of the broad wording of the EFAA, not only are such Arbitration Agreements struck down, <u>such abrogation applies to all the claims made in the case</u>, even those unrelated to the sexual harassment and retaliation claims. <u>See</u>, <u>e.g.</u>, <u>Johnson,</u> 2023 US Dist LEXIS 31242, at *43-47.

Honorable Loretta A. Preska, U.S.D.J.
December 19, 2023
Page 3

The instant matter is on all fours with <u>Olivieri</u> and <u>Johnson</u>.  Plaintiff's claims against Defendant Louis Vuitton have continued to accrue after the EFAA's enactment by virtue of Defendant Louis Vuitton's ongoing conduct.  And while there is no question that the claims that accrued after the effective date of the EFAA are properly before this Court as the commencing complaint, by this motion Plaintiff seeks to have <u>all</u> of the claims adjudicated in this Court including all of the claims currently in arbitration.

<u>ONLY THIS COURT CAN DECIDE IF THE EFAA APPLIES</u>

Not only does the EFAA and its progeny jurisprudence mandate that the entirety of Plaintiff's case be heard in this Court, the EFAA states just as unequivocally that the scope of the EFAA's coverage is to be determined by the Court.  The EFAA provides, in no uncertain terms:  "The applicability of this chapter [9 USCS §§ 401 <u>et seq.</u>] to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter [9 USCS §§ 401 et seq.] applies shall be determined by a court . . . irrespective of whether the [arbitration] agreement purports to delegate such determinations to an arbitrator."  9 U.S.C. § 402(b); <u>see also</u> <u>Johnson</u>, 2023 US Dist LEXIS 31242, at *25 & n.11 ("consistent with the statutory text, that the EFAA empowers the Court to decide the arbitrability in the first instance").

It is for this statutory reason that the instant motion is being brought before this Court – seeking your Honor's Order that as a matter of fact and law Plaintiff is entitled to file a first amended complaint and have this Court hear the entirety of Plaintiff's claims, including those currently before Arbitrators Belen and Roberts.

<u>CONCLUSION</u>

For these reasons as well as the entire record before the Arbitrators, it is submitted that all proceedings before the Arbitrators must be stayed unless the Court which hears Plaintiff's suit rules otherwise.

Respectfully submitted:

Nathaniel K. Charny

cc:    Aviva Grumet-Morris, Esq. (by email attachment (agmorris@winston.com))
       Winston & Strawn LLP
       35 W. Wacker Drive
       Chicago, IL 60601-9703
       D: +1 312-558-8825
       F: +1 312-558-5700