```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANDOWAH NEWTON,<br><br>                              Plaintiff,<br><br>-against-<br><br>LVMH MOET HENNESSY LOUIS<br>VUITTON INC. AND RODNEY C.<br>PRATT,<br><br>                              Defendants. | No. 23-CV-10753 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Defendants' letters regarding the May 29, 2024, order of the New York County Supreme Court (the "State Court Order"), (see dkt. nos. 47-48), as well as Plaintiff's letter response, (see dkt. no. 49).

According to Defendants, the State Court Order directed the unsealing in a New York County Supreme Court litigation of the arbitration award that Defendants had filed under seal in the above-captioned case at docket number 32-3. (See dkt. no. 48 at 1-2; see also dkt. no. 33 at 2 (granting Defendants' request to file under seal the documents docketed as entries 32-3 and 32-4).) Defendants contend that the Plaintiff's prior motion requesting, in part, to unseal the two documents filed under seal at docket numbers 32-3 and 32-4, (see dkt. no. 37), has thus been "partially mooted" by the State Court Order.  (See dkt. no. 48 at 1-2.) Plaintiff argues her prior motion to unseal has not been partially

1

mooted and instead asks the Court to order the unsealing of the arbitration award filed under seal as docket entry 32-3.  (See dkt. no. 49 at 2.)

This Court previously found that the privacy interests Defendants had put forth in support of their request to seal outweighed the presumption of public access that attaches to judicial documents such as the document filed as docket entry 32-3.  (See dkt. no. 33 at 1.)  However, as Judge Abrams recently noted, "[c]ourts in this Circuit have found that a defendant's 'countervailing privacy interest . . . cannot defeat the strong presumption of public disclosure where the material it seeks to seal is already in the public domain.'"  Rollag v. Cowen Inc., No. 20 Cv. 5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (quoting JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 970 F. Supp. 2d 383, 397 (E.D.N.Y. 2013)); see also Doe v. City of N.Y., No. 22 Cv. 7910 (LTS), 2022 WL 15153410, at *3 (S.D.N.Y. Oct. 26, 2022) ("The fact that a document has been [made] publicly available weighs against sealing it.")  Accordingly, the fact that the New York County Supreme Court has ordered the unsealing of the arbitration award, for publicly available viewing on the docket in the case before it, overcomes the privacy interests that warranted its initial sealing in the above-captioned case.

The Clerk of the Court is therefore respectfully directed to unseal the document filed under seal as docket entry number 32-3

in the above-captioned case. The other document the Court previously ordered be filed under seal—found at docket entry number 32-4—shall remain under seal until the Court rules on Plaintiff's motion that, in part, requests its unsealing.

**SO ORDERED.**

Dated:      June 6, 2024
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge