UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ANDOWAH NEWTON**, | ) |
| Plaintiff, | ) Case No.: 23-cv-10753 |
| v. | ) |
| **LVMH MOËT HENNESSY LOUIS VUITTON INC. and RODNEY C. PRATT.** | ) |
| Defendants. | ) |

**PLAINTIFF ANDOWAH NEWTON'S REPLY IN FURTHER SUPPORT OF
HER MOTION FOR RELIEF FROM
OR TO ALTER OR AMEND THE JUDGMENT, AND/OR FOR AMENDED FINDINGS**

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Counsel for Plaintiff Andowah Newton*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.   THE COURT SHOULD VACATE ITS JUDGMENT AND PROVIDE MS. NEWTON A FIRST OPPORTUNITY TO REPLEAD HER RETALIATION CLAIMS .................................. 1

   A.   The Court should vacate its judgment, even in the absence of clear legal error ................. 1

   B.   Ms. Newton's pre-dismissal motion for leave to amend is not the same as an opportunity to replead post-dismissal ........................................................................................ 2

   C.   Defendants' attempts to show that Ms. Newton could not plead additional facts to support her retaliation claims are unavailing ....................................................................... 3

II.  THE COURT SHOULD PERMIT MS. NEWTON TO ASSERT HER PROPOSED ADDITIONAL CLAIMS ........................................................................................................ 5

   A.   If the Court grants Plaintiff an opportunity to replead her claims for post-EFAA retaliation incidents, adding the claims for related sexual harassment, assault, and retaliation incidents would not be futile ........................................................................................ 5

   B.   Ms. Newton did not act in bad faith or with undue delay ................................................... 5

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Bank v. Spark Energy, LLC*,
  2020 WL 6873436 (E.D.N.Y. Nov. 23, 2020) .......................................................................... 8

*Chevron Corp. v. Donziger*,
  886 F. Supp. 2d 235 (S.D.N.Y. 2012) ..................................................................................... 8

*City of Birmingham Firemen's and Policemen's Supplemental Pension Sys.*
  *v. Ryanair Holdings Plc*,
  2022 WL 4377898 (S.D.N.Y. Sept. 22, 2022) ......................................................................... 7

*Cohen v. American Airlines*,
  13 F.4th 240 (2d Cir. 2021) ..................................................................................................... 6

*Cortec Industries, Inc. v. Sum Holding LP*,
  949 F.2d 42 (2d Cir. 1991) ...................................................................................................... 3

*Cruz v. Gomez*,
  202 F.3d 593 (2d Cir.2000) ..................................................................................................... 4

*In re Gen. Elec. Co. Sec. Litig.*,
  2012 WL 2892376 (S.D.N.Y. July 12, 2012) .......................................................................... 8

*Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*,
  970 F.3d 133 (2d Cir. 2020) .................................................................................................... 2

*Milanese v. Rust-Oleum Corp.*,
  244 F.3d 104 (2d Cir. 2001) .................................................................................................... 4

*P&G v. Hello Prods., LLC*,
  2015 WL 2408523 (S.D.N.Y. May, 20 2015) ....................................................................... 10

*Porat v. Lincoln Towers Community Ass'n*,
  464 F.3d 274 (2d Cir. 2006) .................................................................................................... 2

*Shomo v. City of New York*,
  579 F.3d 176 (2d Cir. 2009) .................................................................................................... 4

*State Teachers Ret. Bd. v. Flour Corp.*,
  654 F.2d 843 (2d Cir. 1981) .................................................................................................... 9

*State Trading Corp. of India v. Assuranceforeningen Skuld*,
  921 F.2d 409 (2d Cir. 1990) ................................................................................................ 7, 8

*Stewart v. Hudson Hall LLC*,
  2021 U.S. Dist. LEXIS 73173 (S.D.N.Y. Apr. 14, 2021) ...................................................... 10

*US Airways, Inc. v. Sabre Holdings Corp.*,
  2015 WL 8335119 (S.D.N.Y. Dec. 8, 2015) ............................................................................. 8

*Williams v. Citigroup*,
  659 F.3d 208 (2d Cir. 2011) .............................................................................................. 2, 3

**Statutes**

9 U.S.C. § 401 ............................................................................................................................... 1

9 U.S.C. § 402 ............................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12 ..................................................................................................................... 2, 4

Fed. R. Civ. P. 15 ......................................................................................................................... 4

Fed. R. Civ. P. 59 ..................................................................................................................... 1, 2

Fed. R. Civ. P. 60 ......................................................................................................................... 2

Plaintiff Andowah Newton hereby submits the following Reply in Support of Her Motion for Relief from or to Alter or Amend the Judgment, and/or for Amended Findings.

## INTRODUCTION

Defendants, in their Memorandum of Law in Opposition to the Motion for Relief from or to Alter or Amend the Judgment, and/or for Amended Findings ("Opposition" or "Opp.") argue that Plaintiff has not demonstrated clear error in the Court's Opinion and Order, dated August 23, 2024 ("Order"); that the Court properly denied Ms. Newton's cross-motion for leave to amend her complaint; and that granting Ms. Newton permission to replead would be futile. As explained below, Defendants' arguments are unavailing.

The Ending Forced Arbitration in Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. §§ 401–402, was enacted to empower survivors of sexual harassment, sexual assault, and related retaliation to pursue their claims and vindicate their rights in the appropriate forum of their choosing. The Court's decision in this case to grant the motion to dismiss with prejudice, deny the motion for leave to amend, and accordingly refuse to enjoin the arbitration achieved the opposite result. Ms. Newton is entitled to relief from or alteration or amendment of the judgment, and/or amended findings.

## ARGUMENT

**I.   THE COURT SHOULD VACATE ITS JUDGMENT AND PROVIDE MS. NEWTON A FIRST OPPORTUNITY TO REPLEAD HER RETALIATION CLAIMS**

   **A.   The Court should vacate its judgment, even in the absence of clear legal error**

Defendants repeatedly assert that Ms. Newton has failed to demonstrate clear error, one of the grounds for granting a Rule 59(e) motion. Ms. Newton disagrees for the reasons set out in her opening Memorandum. Nevertheless, even in the absence of clear legal error, the Court may also vacate its judgment of dismissal with prejudice under Rule 59(e) to prevent manifest

1

injustice or under Rule 60(b) for "any . . . reason that justifies relief." *See* Plaintiff's Memorandum of Law ("Mem.") at 7; *see also id.* at 9, 15.[1]

Moreover, as the Second Circuit has made clear, where a post-judgment motion under Rules 59(e) or 60(b) is necessary to enable a party to amend their claims, courts should "take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment," *Williams v. Citigroup*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Ruotolo v. City of New York*, 514 F. 3d 184, 191 (2d Cir. 2008), and give "'due regard' to 'the liberal spirit of Rule 15," just as the Supreme Court did in *Foman v. Davis. Id.; see generally Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-146 (2d Cir. 2020) (discussing *Williams*; *Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85 (2d Cir. 2016) (addressing Rule 60(b)); and *Foman v. Davis,* 371 U.S. 178 (1962)).

Thus, the Second Circuit reasoned that "it is an abuse of discretion to deny a motion under Rule 59(e) — to prevent a 'manifest injustice,' although the [*Foman*] Court did not say so explicitly — when the plaintiff was never given an opportunity to replead in the first place," as is the case here. *Id.* at 144. Accordingly, the Court can and should grant Ms. Newton's motion under either Rule 59(e) or 60(b) to prevent manifest injustice, even in the absence of clear legal error.

### B. Ms. Newton's pre-dismissal motion for leave to amend is not the same as an opportunity to replead post-dismissal

As Ms. Newton explained, *see* Mem. at 9–10, the Second Circuit "strongly favors [the] liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). Denying such an

---

[1] All document references refer to ECF page numbering.

opportunity without a justifying reason is an abuse of discretion. *Cortec Industries, Inc. v. Sum Holding LP*, 949 F.2d 42, 48 (2d Cir. 1991).

Defendants nevertheless argue that Ms. Newton "*did* have the opportunity to amend her complaint" when she filed a Proposed First Amended Complaint with her Cross-Motion to Amend, because Defendants' had previously filed their motion to dismiss. Opp. at 8. But Ms. Newton was not required to amend her complaint in response to Defendants' asserted grounds for dismissal before the Court actually ruled and, as Defendants are well aware, her Proposed First Amended Complaint was not an attempt to do so. In *Williams*, the Second Circuit explicitly rejected the notion that "that the plaintiff was under obligation to seek leave to replead . . . upon answering the motion to dismiss the complaint (without yet knowing whether the court will grant the motion, or, if so, on what ground)." 659 F.3d at 214. Instead, it explained that the Supreme Court's decision in *Foman* "'makes unmistakably clear' that a plaintiff need not 'seek leave to replead . . . prior to the district court's entry of judgment.'" *Metzler*, 970 F.3d at 144 (quoting *Williams*, 659 F.3d at 214).

Accordingly, Ms. Newton's attempt to amend her complaint to add additional claims and defendants — which she sought to do only one week after filing the Complaint and well before Defendants' February 13, 2023 Motion to Compel Arbitration and/or Dismiss, *see* Mem. at 20–21 (citing Letter from Nathaniel K. Charny to the Court (Dec. 19, 2023)) — cannot reasonably be considered an opportunity to replead post-dismissal.

### C.  Defendants' attempts to show that Ms. Newton could not plead additional facts to support her retaliation claims are unavailing

Defendants also attempt to parse *some of* Ms. Newton's descriptions of the ways that she would be able to cure the defects identified by the Court, and in doing so argue that repleading

3

would be futile.[2] *See* Opp. at 15-17. But this puts the cart before the horse. A plaintiff seeking post-judgment relief need not prove that an amended complaint would survive a Rule 12(b)(6) motion in order to be granted leave to replead, as long as the Court cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir.2000); *see also, e.g.*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (proposing an amendment is futile only "if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief"); *Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (leave to replead where "[i]t is possible that [he] could remedy the inadequacies identified by the district court").

Thus, it would be of no moment if Ms. Newton's descriptions of the ways that she could amend her complaint are "vague, conclusory, [or] speculative," as Defendants assert, *see* Opp. at 15 n.5, even though they aren't. Ms. Newton is pursuing the requested relief in this motion precisely because she has not been afforded the opportunity to file a motion for leave to amend and a proposed amended complaint addressing the defects identified in the Court's decision. If Defendants still believe Ms. Newton has not successfully repleaded her retaliation claims, they will have the opportunity to move for dismissal. They should not, however, be allowed to deny Ms. Newton so much as a single opportunity to address the grounds on which the Court dismissed her claims.[3]

---

[2] The descriptions in Ms. Newton's Memorandum were intended only to demonstrate that she could allege facts sufficient to state a claim, not as specific statements of the facts that she would allege. *See* Mem. at 8 n.1 (offering to submit a motion for leave to amend under Rule 15(a)(2) and a proposed amended complaint under Local Civil Rule 15.1 prior to filing a repleaded complaint).

[3] Indeed, it is common practice, especially in employment cases, to allow *multiple* opportunities for amendment.

Accordingly, the Court should vacate its judgement of dismissal with prejudice and permit Ms. Newton to replead her claims alleging Defendants retaliated against her for reporting and speaking out against sexual harassment and assault to which they subjected her.

## II. THE COURT SHOULD PERMIT MS. NEWTON TO ASSERT HER PROPOSED ADDITIONAL CLAIMS

### A. If the Court grants Plaintiff an opportunity to replead her claims for post-EFAA retaliation incidents, adding the claims for related sexual harassment, assault, and retaliation incidents would not be futile

Defendants argue that because Ms. Newton's retaliation claims were dismissed with prejudice, the Court correctly denied her Cross-Motion to Amend to add the proposed additional claims on the grounds of futility. *See* Opp. at 9–10. However, adding such claims would not be futile if the Court allows Ms. Newton to replead her retaliation claims, which it must.

The Court held that permitting Ms. Newton to add her proposed additional claims would have been futile following the dismissal of her retaliation claims because the proposed additional claims would not be subject to the EFAA and, therefore, would properly be subject to the parties' arbitration agreement. *See* Order at 45-46. Ms. Newton's retaliation claims, however, are covered by the EFAA. See *id.* at 30-31. And, because the EFAA also applies to any claims that are part of this case, see *id.* at 19, including the proposed amended claims of sexual harassment, assault, and retaliation she sought leave to add, reinstatement of the claims for post-EFAA retaliation incidents would mean that the proposed additional claims would also be exempt from mandatory arbitration and, therefore, would not be futile for Ms. Newton to assert.

### B. Ms. Newton did not act in bad faith or with undue delay

Defendants are also incorrect in arguing that Ms. Newton acted in bad faith or with undue delay in seeking leave to assert her proposed additional claims.

5

Defendants claim that Ms. Newton "contort[ed]" the decision in *Cohen v. American Airlines*, 13 F.4th 240 (2d Cir. 2021). *See* Opp. at 11. Defendants claim the argument reads a limitation not evident in the "plain language" of *Cohen* into it. But applying precedent requires legal reasoning, not context-denuded quotations. The entirety of *Cohen*'s legal reasoning on this point is a citation to a case that it described as "affirming denial of motion to amend when the new proposed claims 'concerned a different period of time,' and 'allege[d] an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice,' thereby prejudicing defendant…." *See id.* at 247 (citing *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 60 F.2d 442, 446 (2d Cir. 1985)).

Thus, it cannot reasonably be said that *Cohen* stands for a sweeping general proposition that bad faith exists "where the proposed amendment was made to avoid the application of law that would have required the dismissal of the complaint." Opp. at 11. And, in any event, neither the Court's decision nor Defendants identified any law akin to a statute of limitations that would have ended Ms. Newton's case, making this case distinguishable from *Cohen*.

It is also important to emphasize that Defendants' frequent complaints about so-called "strategic litigation" by Ms. Newton smack of hypocrisy. Defendant Louis Vuitton has already aggressively pursued punitive attorney's fees awards — seeking nearly $1 million for a motion to compel arbitration — that have no relationship to the merits of its dispute with Ms. Newton. Instead, they give away the game that Louis Vuitton is playing: to grind down Ms. Newton until she folds, rather than admitting they did something wrong or letting the disputed facts be aired in open court. As the record demonstrates, the motion for leave to amend was pursued to avoid another round of Louis Vuitton trying to bounce the rubble with excessive and unjust attorney's

6

fees. *See* ECF no. 40, ¶¶ 4–6 (recounting Ms. Newton's former counsel's explanations to the Court about the basis for the motion).

Defendants also assert that "it is well settled in this Circuit that bad faith exists where, as here, 'the earlier decision not to plead additional allegations was a tactical one.'" *Id.* Yet, oddly, Defendants neglect to cite to a single published Second Circuit case containing this "well settled" principle. *See id*. And the cases to which they do cite neither support the existence of such a broad principle nor suggest that the notice of intention to seek leave to amend the complaint barely one week after filing it is the sort of decision that courts have characterized as "tactical."

Defendants' other invocations of precedent fare no better. In the one published Second Circuit case cited by Defendants, the plaintiff had "waited nineteen months after [the defendant] first challenged the applicability of Connecticut law before attempting to plead additional causes of action based on foreign law," allegedly to avoid dismissal on the grounds of a forum selection clause or *forum non conviniens*. *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (emphasis added). Because the plaintiff in that case offered no explanation for its actions, the court concluded that it was "not unreasonable to impute lack of good faith" for the "unreasonably long" delay in seeking leave to amend. *Id*.

In *City of Birmingham Firemen's and Policemen's Supplemental Pension Sys. v. Ryanair Holdings Plc*, the plaintiff "waited until after the Court set the scope of discovery to move for leave to file a second amended complaint, and the proposed second amended complaint would revive excluded issues." According to the court, "[t]hat pattern - where a party 'has had an opportunity to assert the amendment earlier, but has waited until after judgment before

7

requesting leave' - evinces bad faith." 2022 WL 4377898, at *2 (S.D.N.Y. Sept. 22, 2022) (quoting *State Trading Corp.*, 921 F.2d at 418).[4]

In *Bank v. Spark Energy, LLC*, the court did not find that the plaintiff, an attorney who provided only a "vexing, if not incredible" explanation for his failure to allege basic, essential facts, acted in bad faith because the decision to withhold those facts was "tactical," but rather that it was bad faith "[w]hatever tactical reason [the p]laintiff may have had" for doing so. 2020 WL 6873436, at *3 (E.D.N.Y. Nov. 23, 2020).

The "tactical decision" that was "indicative of bad faith" in *In re Gen. Elec. Co. Sec. Litig.*, was plaintiff's choice "to change fundamentally its approach to its Securities Act claims, which it ha[d] pursued for more than three years, by adding allegations based on defendants' knowledge and intent," after having "disclaim[ed] allegations as to defendants' knowledge and intent [and] remain[ed] silent" about its plan to amend, and "wait[ing] until after the Court's judgment to alter substantially its legal theory."[5] 2012 WL 2892376, at *4-5 (S.D.N.Y. July 12, 2012); *cf. US Airways, Inc. v. Sabre Holdings Corp.*, 2015 WL 8335119, at *2 (S.D.N.Y. Dec. 8, 2015) (finding that the plaintiff's "tactical decision" to abandon its request for damages did not prevent it from later amending its complaint to reinstate such request, and distinguishing *In re Gen. Elec. Co. Sec. Litig.* because the proposed amendments would "change fundamentally" the factual allegations against the defendant).

---

[4] Like Defendants do in their Opposition, *see* Opp. at 11, the court conflated *State Trading Corp.*'s reasoning on undue delay with its reasoning on the distinct ground of bad faith. It was in the context of undue delay that the Second Circuit addressed a plaintiff that "had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave," concluding only that "a court may exercise its discretion more exactingly." *See State Trading Corp.*, 921 F.2d at 418. That is not the situation in this case.

[5] *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 276 (S.D.N.Y. 2012) concerned forum shopping specifically, not tactical decision making, neither of which is present here.

8

Again, attempting to avoid disproportionate and punitive attorney's fees awards to vindicate rights authorized by Congress under the EFAA can hardly be described as "strategic" or "tactical" in the shadowy manner Defendants imply. But even if it were considered "tactical," in none of these cases was the characterization of a decision as "tactical" sufficient to support a finding of bad faith, absent evidence from which to infer actual bad faith, meaning "dishonesty of belief or purpose," "lack of honesty and trust," and "intent to deceive; insincerity, dishonesty; faithlessness, disloyalty; treachery." *See* David E. Pozen, *Constitutional Bad Faith*, 129 Harv. L. Rev. 885, 892 (2016) (quoting definitions from Black's Law Dictionary, Random House Unabridged Dictionary, and Oxford English Dictionary). In contrast to the cases cited by Defendants, the motion for leave in this case did not evince any sort of bad faith. Ms. Newton did not withhold claims until after a judgment or attempt to gain an unfair advantage. Her prior attorneys were fully transparent about the motion and the reasons for it: to prevent the awarding of more unjust attorney's fees.

Defendants also assert that Ms. Newton "intentionally, strategically, and ultimately unduly delayed in proposing to amend" her complaint, which "further support[s]" the conclusion of bad faith. *See* Opp. at 12; *cf. State Teachers Ret. Bd. v. Flour Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). But there was no delay here. Defendants do not even attempt to address the fact that counsel for Ms. Newton sought a pre-motion conference for her intended motion for leave to amend as early as December 18, 2023. It

9

was only because of the Court's briefing schedule that the actual motion was not filed until March 19, 2024, after Defendants' motion to dismiss. *See* Mem. at 20–21.[6]

Accordingly, the Court should permit Ms. Newton to assert her proposed additional claims relating to sexual harassment, assault, and retaliation for reporting and objecting to the same, as none of the grounds for denying her leave to do so exist.

## CONCLUSION

For all of the foregoing reasons and the reasons provided in Ms. Newton's Memorandum, this Court should grant Ms. Newton's Motion, alter, amend, or vacate the judgment of dismissal with prejudice, grant Ms. Newton leave to replead her retaliation claims, reconsider the denial of and grant Ms. Newton's cross-motion for leave to amend her complaint, permit Ms. Newton to incorporate the proposed additional claims and additional defendants in her amended complaint, amend or alter the finding of bad faith, and enjoin the arbitration.

Respectfully submitted,

DATED: October 11, 2024

/s/ Max Rodriguez
Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
(646) 741-5167
*Counsel for Plaintiff Andowah Newton*

---

[6] Defendants also cite without explanation to two cases which they suggest stand for the sweeping proposition that a plaintiff may not seek to amend a complaint with facts previously known to the plaintiff. But neither of the cited cases supports this proposition. *See* Opp. at 12 (citing *P&G v. Hello Prods., LLC*, 2015 WL 2408523, at *2 (S.D.N.Y. May, 20 2015); *Stewart v. Hudson Hall LLC*, 2021 U.S. Dist. LEXIS 73173, at *19–20 (S.D.N.Y. Apr. 14, 2021). Instead, they reflect fact-specific decisions inapposite to this case. *See P&G*, 2015 WL 2408523, at *2 (denying leave to amend in part because plaintiff waited until ten months after deadline); *Stewart*, 2021 U.S. Dist. LEXIS 73173, at *19–20 (denying leave to amend in part because plaintiff waited until after close of discovery to file the motion).