UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDOWAH NEWTON,

                Plaintiff,

  -against-

LVMH MOET HENNESSY LOUIS
VUITTON INC. AND RODNEY C.
PRATT,

                Defendants.

No. 23-CV-10753 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Plaintiff Andowah Newton's motion for relief from the Court's August 23, 2024 Opinion and Order (dkt. no. 53 [the "August Opinion"]) granting the motion to dismiss filed by Defendants LVMH Moet Hennessy Louis Vuitton Inc. ("LVMH") and Rodney C. Pratt (collectively, "Defendants") and denying Plaintiff's cross-motions for leave to amend the complaint and enjoin the arbitration between the parties. (See dkt. no. 56 ["Motion for Reconsideration"].)[1] Defendants oppose the Motion

---

[1] (See also dkt. no. 57, Memorandum of Law in Support of Plaintiff's Motion for Relief from or to Alter or Amend the Judgment, and/or for Amended Findings, dated September 20, 2024 ["Pl. Recons. Br."]; dkt. no. 59, Plaintiff Andowah Newton's Reply in Further Support of her Motion for Relief from or to Alter or Amend the Judgment, and/or for Amended Findings, dated October 11, 2024 ["Pl. Recons. Reply"].)

1

for Reconsideration.[2]  For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED in part and GRANTED in part.

I.  **Procedural History**

The Court presumes familiarity with the facts of this case as set out in its August Opinion.  As relevant here, Plaintiff and LVMH made an agreement to arbitrate (the "Arbitration Agreement").  (See August Opinion at 17.)  Neither party disputed that the two retaliation claims Plaintiff asserted in her complaint (dkt. no. 1 [the "Complaint"]) were within the scope of the Arbitration Agreement (see August Opinion at 17).  The parties did dispute, however, whether the Ending Forced Arbitration in Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. § 401 et seq., which permits a party to choose to invalidate the application of an arbitration agreement to a case that contains claims that relate to a sexual harassment dispute or a sexual assault dispute, applied to the retaliation claims and therefore exempted those claims from the pending arbitration proceeding between the parties.  (See August Opinion at 17.)

On August 23, 2024, the Court issued its decision concluding that the EFAA applied to Plaintiff's allegations of retaliation that accrued after the EFAA's enactment on March 3, 2022 and

---

[2] (See dkt. no. 58, Defendants' Opposition to Plaintiff's Motion for Relief from or to Alter or Amend the Judgment, and/or for Amended Findings, dated October 3, 2025.)

2

denying Defendants' motion to compel arbitration. (See id. at 21, 31.)  However, the Court granted Defendants' motion to dismiss holding that Plaintiff failed to state a plausible claim for retaliation because she failed to allege sufficiently that she engaged in protected activities of which Defendants were aware. (See id. at 31, 35.)

The Court also denied Plaintiff's cross-motion for leave to amend her Complaint, in which Plaintiff sought to add four new causes of action (the "Proposed Added Claims"), five new defendants, and a handful of new factual allegations, as outlined in a Proposed First Amendment Complaint ("PFAC") included as an addendum to Plaintiff's cross-motion brief. (See id. at 40, n.6.) The four Proposed Added Claims were materially identical to four claims that Plaintiff asserted in her arbitration demand and that were subject to the parties' pending arbitration proceeding. (See id. at 41.)  As the Court explained in its August Opinion, Plaintiff sought to add the Proposed Added Claims, all of which accrued before the effective date of the EFAA, so that the Court would invalidate the claims in arbitration. (See id. at 42, 45.) The EFAA requires a court to invalidate an arbitration agreement's application to an entire "case"—including claims not specifically related to a sexual harassment or sexual assault dispute. (See id. at 42.)  The Court denied Plaintiff's request for leave to amend concluding that 1) amendment would be futile, 2) the claims

3

in the arbitration proceeding were not part of the instant "case," and 3) the cross-motion to amend was made for an improper purpose in bad faith. (See id. at 42-43.)

First, with respect to futility, the Court determined that the new factual allegations in the PFAC would not change the Court's conclusion that Plaintiff failed to state a plausible retaliation claim. (See id. at 43-44.) Given the dismissal of the retaliation claims, the addition of the Proposed Added Claims would also be futile because the Arbitration Agreement would apply and require arbitration of the Proposed Added Claims, all of which accrued before the effective date of the EFAA. (See id. at 48.)

Second, the Court rejected Plaintiff's argument that the Proposed Added Claims, which the parties had been arbitrating for three years, were part of the same "case" as the retaliation claims asserted in this action, such that the Arbitration Agreement was unenforceable as to the Proposed Added Claims. (See id. at 48-50.) Rather, a "case" means a single proceeding in a specific forum and did not encompass the claims pending in the arbitration proceeding. (See id. at 49.) Plaintiff could therefore not force the Court to invalidate the Arbitration Agreement's application to the claims in the arbitration proceeding. (See id. at 42-43.)

Third, the Court concluded that Plaintiff's request to amend was made in bad faith based on Plaintiff's forum shopping—namely her deliberate choice to add the Proposed Amended Claims in this

4

action in an attempt to solicit the Court to invalidate the claims that had been proceeding in arbitration. (See id. at 50.) In addition, the Court's finding of bad faith rested on Plaintiff's tactical decision intentionally to omit from the Complaint the facts upon which her proposed amendments were based, of which she was aware when the Complaint was filed. (See id. at 51-52.)

Lastly, the Court denied Plaintiff's request for the Court to enjoin the arbitration proceeding based on the parties' acknowledgment that they had entered into a valid arbitration agreement which covered the claims asserted in the Complaint and the PFAC and because the EFAA did not apply to invalidate any of the claims pending in arbitration. (See id. at 54.)

On September 20, 2024, Plaintiff filed the instant Motion for Reconsideration requesting relief from the August Opinion under 59(e) and Rule 60(b). (See Pl. Recons. Br. at 1.) Plaintiff also moves under Rule 52(b) for the Court to amend its finding that Plaintiff acted in bad faith. (See id. at 1-2.)

## II. Legal Standard

### A. Rule 59(e)

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"

5

Behrens v. JPMorgan Chase Bank, N.A., No. 16-CV-5508, 2021 WL 4134887, at *1 (S.D.N.Y. Sept. 9, 2021), aff'd, 96 F.4th 202 (2d Cir. 2024) (citation omitted).  As such, "[t]he standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"  United States v. Anderson, No. 24-CR-009, 2024 WL 3461882, at *1 (S.D.N.Y. July 18, 2024) (citation omitted).  The Court of Appeals has explained that "[a] motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied."  Silverman v. Miranda, 06-CV-13222, 2017 WL 1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks and citation omitted).  Ultimately, the decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

**B. Rule 60(b)**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Ritchie Cap. Mgmt., LLC v. Coventry First LLC, No. 07-CV-3494, 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986)).

**C. Rule 52(b)**

Federal Rule of Civil Procedure 52(b) provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "A party moving pursuant to Rule 52(b) may seek to correct 'manifest errors of law or fact . . . , or in some limited situations, to present newly discovered evidence.'" Gao v. Savour Sichuan Inc., No. 19-CV-2515, 2024 WL 3471295, at *1 (S.D.N.Y. July 19, 2024) (citation omitted). Rule 52(b) does not permit parties, however, to

7

"relitigate old issues, to advance new theories, or to secure a rehearing on the merits." United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993) (internal quotation marks omitted), aff'd sub nom. United States v. Carson, 52 F.3d 1173 (2d Cir. 1995)). Accordingly, to succeed on a post-judgment motion under Rule 52(b), a party "must show that the Court's findings of fact or conclusions of law are not supported by the evidence in the record." Id.

### III. Discussion

#### A. Plaintiff's Request for the Court to Vacate the August Opinion under Rule 59(e) or Rule 60(b)

##### 1. The Court's Dismissal of Plaintiff's Retaliation Claims with Prejudice and Denial of Leave to Amend

Plaintiff's main objection to the Court's August Opinion is the Court's dismissal of her claims with prejudice. (Pl. Recons. Br. at 3-10.) She relies on the preference in this circuit for liberally granting plaintiffs the opportunity to replead after dismissal of a complaint under Rule 12(b)(6) (id. at 4), arguing that the Court committed clear error by dismissing her claims with prejudice (id. at 1). Alternatively, Plaintiff argues the Court should vacate the August Opinion and provide Plaintiff with the opportunity to replead her claims to prevent manifest justice under Rule 59(e) or because extraordinary circumstances justify relief under Rule 60(b). (Id. at 3; Pl. Recons. Reply at 1-2.)

As the Court recognized in its August Opinion, under Federal Rule of Civil Procedure 15(a)(2), a court should freely give the party leave to amend "when justice so requires." (August Opinion at 15 (quoting McCracken v. Verisma Sys., Inc., 91 F.4th 600, 609 (2d Cir. 2024)).) However, a court "may deny leave to amend 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Cohen v. Am. Airlines, Inc., 13 F.4th 240, 247 (2d Cir. 2021) (quoting TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014)). In its August Opinion, the Court denied Plaintiff's motion to amend based on futility and bad faith. (See August Opinion at 43-52.)

Despite her protestations, Plaintiff identifies no clear error with the Court's conclusion that amendment of the Complaint would be futile, no manifest injustice from the Court's decision to deny her motion to amend and dismiss her claims with prejudice given that futility, and no extraordinary circumstance to vacate the August Opinion. In determining amendment would be futile, the Court considered the proposed additional factual allegations and claims in Plaintiff's PFAC. (See August Opinion at 43-48.) The Court explained at length how Plaintiff's proposed additional factual allegations would not change the Court's conclusion that (1) the continuing violation doctrine does not apply to Plaintiff's retaliation claims and (2) the timely allegations of retaliation

fail to sustain plausible claims under Title VII, the NYSHRL, and the NYCHRL. (See id. at 44.)

The additional factual detail that Plaintiff puts forward in her Motion for Reconsideration to demonstrate that amendment would not be futile fails to cure the deficiencies previously identified by the Court. For example, Plaintiff argues she can identify multiple instances of protected activity apart from her refusal to discuss settlement with Defendant Pratt, including making complaints, instituting and maintaining the litigation and arbitration against LVMH, and public protests against LVMH. (Pl. Recons. Br. at 7-8.) But Plaintiff provides no indication that these factual allegations of protected activity are tethered to the retaliation she faced from March to December 2022. (See August Opinion at 29 (describing the primary retaliatory acts asserted in the Complaint as "termination, denial of accommodation, and denial of promotion Plaintiff experienced from March to December 2022").) Plaintiff's additional purported detail also appears to rest on conduct which the Court previously determined was untimely. (See id. at 30.) Accordingly, Plaintiff's request for the Court to vacate its judgment dismissing Plaintiff's claims with prejudice is denied.

2. The Court's Denial of Leave to Amend to Add the
   Proposed Added Claims

In requesting the Court reconsider its decision to deny Plaintiff's cross-motion to amend to plead the Proposed Added Claims, Plaintiff argues the Court's interpretation of the EFAA and Johnson v. Everyrealm, Inc., 657 F. Supp. 3d 535 (S.D.N.Y. Feb. 24, 2023) was clear error. (See Pl. Recons. Br. at 12.) But Plaintiff has identified no error with the Court's conclusion that Plaintiff's Proposed Added Claims are not part of the same "case" as the retaliation claims Plaintiff asserts in the Complaint. (See August Opinion at 48-50.) The EFAA requires a court to invalidate an arbitration agreement's application to an entire "case"— including claims not specifically related to a sexual harassment or sexual assault dispute. (See id. at 42.) As the Court explained, as written in the EFAA, a "case" means a single proceeding in a specific forum and does not compel the Court to invalidate the arbitration of those claims in the pending arbitration. (See id. at 42, 48-50.)

Attempting to demonstrate clear error, Plaintiff relies on Olivieri v. Stifel, Nicolaus & Co., 112 F.4th 74, 91 (2d Cir. 2024), in which the Court of Appeals held that the EFAA may apply to a retaliatory hostile work environment claim where the claim accrued before and after the EFAA's effective date. (See Pl. Recons. Br. at 13.) The Court of Appeals' determination that

11

hostile work environment allegations which pre-date the enactment of the EFAA may be subject to the EFAA does not speak to the separate question of whether the EFAA encompasses claims across different forums.

Moreover, in Johnson's companion case, Yost v. Everyrealm, Inc., 657 F. Supp. 3d 563, 588 (S.D.N.Y. Feb. 24, 2023), the court determined that the EFAA does not apply to remaining claims following the dismissal under Rule 12(b)(6) of claims allegedly constituting a sexual harassment of sexual assault dispute. Here, consistent with Yost, the Court concluded that because it had already dismissed Plaintiff's two retaliation claims, permitting Plaintiff to add the Proposed Added Claims would leave only those four for the Court's consideration and therefore leave no remaining claims that accrued after the effective date of the EFAA. (August Opinion at 48.) Amendment to include Plaintiff's Proposed Added Claims would therefore be futile because dismissal of Plaintiff's retaliation claims necessarily required the Court to compel the Proposed Added claims to arbitration. (See id.) Plaintiff identifies no clear error in the Court's decision to deny Plaintiff's cross-motion to amend, and thus her request for leave to add the Proposed Added Claims is denied.

### B. Plaintiff's Request for the Court to Alter its Finding that Plaintiff Acted in Bad Faith under Rule 52(b)

Plaintiff argues the Court's conclusion that Plaintiff's cross-motion to amend was made in bad faith was clear error. (Pl. Recons. Br. at 13.) In its August Opinion, the Court determined Plaintiff's request to plead the Proposed Added Claims was made in bad faith because (1) it was designed to invalidate the parties' arbitration agreement for the claims pending in arbitration and (2) Plaintiff had intentionally omitted allegations from her Complaint despite knowing all of the facts upon which her proposed amendment was based for years. (See August Opinion at 50-52.) Plaintiff faults the Court's reliance on Cohen, 13 F.4th at 247, in which the Court of Appeals affirmed the district court's denial of a plaintiff's leave to amend because it was apparent that plaintiff sought to amend to avoid the applicable statute of limitations under international law that would have required dismissal of his complaint. (See Pl. Recons. Br. at 13-14.) Plaintiff argues Cohen does not support a finding of bad faith whenever a proposed amendment is made to avoid the application of a law that would require dismissal of the complaint and asserts that regardless, her amendment was instead made to vindicate her rights under the EFAA. (Pl. Recons. Br. at 13-15; Pl. Recons. Reply at 6.)

13

However, bad faith exists where "the earlier decision not to plead additional allegations 'was a tactical one.'" City of Birmingham Firemen's and Policemen's Supplemental Pension Sys. v. Ryanair Holdings Plc, 2022 WL 4377898, at *2 (S.D.N.Y. Sept. 22, 2022) (quoting State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)).[3]  Considering the history of the case, including that Plaintiff first raised the prospect of amendment only days after filing her Complaint, the Court determined that Plaintiff made a tactical decision to wait to substantially alter her legal theory.  (August Opinion at 51.) Plaintiff has not identified any error in the Court's conclusion.

Nevertheless, the Court exercises its discretion to vacate its decision that Plaintiff's cross-motion to amend was made in bad faith.  In requesting the Court alter its finding, Plaintiff explains that she sought the Court's leave to amend the Complaint, despite her ability to do so as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), due to concern that if the EFAA did not apply to the Proposed Added Claims, LVMH would pursue attorneys' fees, costs, and expenses under the parties'

---

[3] Plaintiff misapprehends State Trading Corp. of India, claiming it addresses undue delay rather than bad faith.  (Pl. Recons. Reply at 8 n.4.)  But in affirming the denial of leave to amend, the Court of Appeals acknowledged that "[i]n addition to undue delay, it is not unreasonable to impute lack of good faith to [plaintiff]" based on plaintiff's deliberate decision not to plead the additional causes of action.  State Trading Corp. of India, 921 F.2d at 418.

14

Arbitration Agreement. (Pl. Recons. Br. at 16 (citing dkt. no. 40, Declaration of Aviva Grumet-Morris, dated April 18, 2024 ["Grumet-Morris Decl."] ¶¶ 4-6).) During a December 20, 2023 telephonic hearing on Plaintiff's pre-motion letter requesting leave to amend the Complaint and for an order to show cause to stay the pending arbitration proceedings, Plaintiff's counsel disclosed this rationale to the Court. (See Grumet-Morris Decl. ¶¶ 4-6.) Specifically, Plaintiff's counsel sought an order from the Court giving Plaintiff permission to add the claims pending in arbitration to the instant lawsuit to use that order if LVMH brought a future breach of contract claim against her. (See id. ¶ 6.) Following the telephonic hearing, the Court did not grant Plaintiff leave to amend the Complaint but ordered a briefing schedule on Defendants' motion to dismiss and Plaintiff's cross-motion to amend the Complaint. (See dkt. no. 28.) Although Plaintiff's decision not to assert the additional claims was indeed a tactical one, Plaintiff did disclose her reasoning to the Court. Accordingly, the Court exercises its discretionary power to revisit its prior decision and vacates that part of the August Opinion denying Plaintiff's cross-motion for leave to amend based on bad faith. Nevertheless, because the Court otherwise denies Plaintiff's request for the Court to vacate the August Opinion, including the denial of Plaintiff's cross-motion to amend based on futility, Plaintiff may not replead her claims.

15

**C. Plaintiff's Request to Enjoin the Pending Arbitration**

Plaintiff argues that the Court should enjoin the pending arbitration based on the same argument she puts forth in requesting the Court reconsider its denial of leave to amend—that the Proposed Added Claims are part of the same "case" as her retaliation claims. (Pl. Recons. Br. at 17.)  Given the Court's decision to deny (1) Plaintiff's request for the Court to vacate its dismissal of Plaintiff's claims with prejudice and (2) Plaintiff's request for leave to plead the Proposed Added Claims, Plaintiff's request to enjoin the pending arbitration is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (dkt. no. 56) is DENIED in part and GRANTED in part as follows:

- Plaintiff's request for the Court to vacate its decision to dismiss Plaintiff's claims with prejudice is DENIED.

- Plaintiff's request for the Court to vacate its decision to deny Plaintiff's cross-motion to amend is DENIED.

- Plaintiff's request for the Court to vacate its finding that Plaintiff acted in bad faith is GRANTED.

- Plaintiff's request for the Court to enjoin the pending arbitration proceeding is DENIED.

The Clerk of the Court is directed to close docket number 56. The Court dismisses the above-captioned case with prejudice.

Accordingly, the Clerk of the Court shall mark this action as closed and mark all other open motions denied as moot.

**SO ORDERED.**

Dated:   July 2, 2025
         New York, New York

                                   _____
                                   LORETTA A. PRESKA
                                   Senior United States District Judge